IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CANOM KHADYA WILLIAMS,
    Petitioner,

vs.                                    Case No.: 5:12cv108/RS/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus and supporting memorandum, filed pursuant to 28 U.S.C. § 2254 (docs. 1, 2). Respondent filed an answer and relevant portions of the state court record (doc. 11). Petitioner filed a reply (doc. 14). Respondent also filed a notice of supplemental authority (doc. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 11).[1] Petitioner was charged in the Circuit Court in and for Bay County,

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 11). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Florida, Case No. 2007-CF-1070B, with one count of trafficking in cocaine (Count I), one count of possession with intent to distribute marijuana (Count II), and one count of misdemeanor resisting an officer without violence (Count III) (Ex. D at 9). Following a jury trial, he was found guilty as charged (*id.* at 55–56, Ex. H). On November 13, 2007, Petitioner was adjudicated guilty and sentenced to thirty (30) years of imprisonment, with a 3-year mandatory minimum, on Count I, a consecutive term of five (5) years of imprisonment on Count II, both terms with pre-sentence jail credit of 236 days, and time served on Count III (Ex. D at 63–69, Ex. F).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-6077 (Ex. D at 73). Petitioner's counsel also filed a motion to correct sentence, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure, in the circuit court (*id.* at 87–92). The circuit court did not rule on the Rule 3.800 motion. On May 7, 2009, the First DCA affirmed the convictions but vacated the sentences and remanded for resentencing (*id.* at 124–27). Williams v. State, 8 So. 3d 1266 (Fla. 1st DCA 2009). On July 21, 2009, Petitioner was resentenced to twenty (20) years of imprisonment, with a 3-year mandatory minimum, on Count I, a concurrent term of five (5) years of imprisonment on Count II, both terms with pre-sentence jail credit of 238 days, and time served on Count III (Ex. D at 138–44, Ex. I).

Petitioner, through counsel, again appealed the judgment to the First DCA, Case No. 1D09-3707 (Ex. D at 146, Ex. J). Petitioner's counsel also filed another Rule 3.800(b)(2) motion in the circuit court (Ex. G at 232–37). The circuit court summarily denied the motion (*id.* at 251). On July 13, 2010, the First DCA affirmed the judgment (Ex. N). Williams v. State, 45 So. 3d 14 (Fla. 1st DCA 2010). Petitioner filed a petition for discretionary review with the Supreme Court of Florida, Case No. SC10-1414 (Ex. Q). The state supreme court denied the petition for review on January 18, 2011 (Ex. U). Williams v. State, 53 So. 3d 1022 (Fla. 2011) (Table).

Petitioner, through counsel, filed the instant federal habeas action on April 12, 2012 (doc. 1). Although it appears the petition is untimely, Respondent did not raise a statute of limitations defense (*see* doc. 11).

II.     STANDARD OF REVIEW

...

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2] The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case

---

[2] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively

unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87, 178 L. Ed. 2d 624 (2011)). The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, *supra* at 1291 (citing Harrington, 131 S. Ct. at 786). Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, *supra,* at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state

court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 633 F.3d at 1292. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claims.

III. PETITIONER'S CLAIMS

Ground One: "Petitioner's conviction violates a clearly established rule of federal constitutional law: the imposition of felony punishment for an offense lacking mens rea violates due process."

Ground Two: "In the alternative, Petitioner's sentence violates a clearly established rule of federal constitutional law: the imposition of felony punishment for an offense lacking mens rea violates due process."

In Ground One, Petitioner contends as to Count I, trafficking in cocaine, the State was required to prove (1) he possessed a certain substance, (2) the substance was cocaine or a mixture containing cocaine, and (3) the quantity of the substance was 28 grams or more (doc. 1 at 5–6; doc. 2 at 4–25). He contends the State was not required to prove he knew that the substance was cocaine, pursuant to Hernandez v. State, 56 So. 3d 752, 758 (Fla. 2010), but the jury was incorrectly instructed that the State must prove he knew that the substance was cocaine or a mixture containing cocaine (*id.*). Petitioner contends as to Count II, possession with intent to sell or deliver marijuana, the State was required to prove (1) he possessed with intent to sell or deliver a certain substance, (2) the substance was marijuana, and (3) he had knowledge of the presence of the substance (*id.*). He contends the State was not required to prove he knew that the substance was marijuana (*id.*). Petitioner argues both offenses are strict liability offenses, because Florida Statutes § 893.101(2) provides, "knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter." (*id.*). He contends imposition of felony punishment for these strict liability offenses violated his rights under the due process clause of the Constitution (*id.*). Petitioner argues this constitutional rule was recognized and applied by the federal district court for the Middle District of Florida in Shelton v. Sec'y, Dep't of Corr., 802 F. Supp. 2d 1289 (M.D. Fla. 2011) (doc. 2 at 6).

In Ground Two, Petitioner contends this federal court does not have authority to reclassify Petitioner's offenses to misdemeanors, because to do so would rewrite the state statutes (doc. 1 at 6; doc. 2 at 24). On the other hand, Petitioner argues if this court has authority to reclassify his offenses to misdemeanors and order a reduction in punishment, that remedy would be appropriate (*id.*).

Respondent contends the Eleventh Circuit expressly rejected Petitioner's arguments in Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012) (doc. 11 at 6–9).

In Petitioner's Rule 3.800(b)(c) motion, he argued trafficking in cocaine and possession with intent to sell marijuana were strict liability offenses; therefore, the statutes proscribing those activities were unconstitutional, and imposition of felony punishment for those offenses was unconstitutional under the federal and state constitutions (Ex. G at 232–47). As relief, he sought vacation of his

sentences and resentencing to a term of imprisonment of not more than one year on each offense (*id.* at 246). The state circuit court denied the motion on the ground that it was improperly raised in a Rule 3.800(b)(2) motion (*id.* at 251). The court rejected the motion on the additional ground that the First DCA had rejected his argument in Harris v. State, 932 So. 2d 551 (Fla. 1st DCA 2006) (*id.*).

On direct appeal, Petitioner argued (1) the statutes proscribing trafficking in cocaine and possession with intent to sell marijuana were facially unconstitutional (violated due process) insofar as they classified those strict liability offenses as felonies, and (2) the imposition of felony punishment for the strict liability offenses violated due process (Ex. J). The First DCA affirmed the lower court's decision on the following grounds:

> Appellant was convicted of trafficking cocaine and possession of marijuana with intent to deliver and sentenced to consecutive prison terms of 30 years for the trafficking offense and five years for the possession offense. In Williams v. State, 8 So. 3d 1266 (Fla. 1st DCA 2009), we affirmed Appellant's convictions, but remanded for resentencing. On remand, the trial court sentenced Appellant to 20 years in prison for the trafficking offense and five years concurrent for the possession offense.
>
> Appellant appealed and thereafter filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) in which he argued that his sentences are unconstitutional because, by virtue of section 893.101, Florida Statutes, his offenses are "strict liability offenses" for which the maximum sentences that can be imposed consistent with due process are no more than one year in jail. The trial court denied the motion on the grounds that Appellant's claim was not a "sentencing error" that could be raised in a rule 3.800(b)(2) motion, and even if it was properly raised, the claim was without merit based upon Harris v. State, 932 So. 2d 551 (Fla. 1st DCA 2006), *rev. denied*, 962 So. 2d 336 (Fla. 2007). Appellant presents this same argument on appeal, and he also argues for the first time that section 893.101 and his convictions violate due process for the same reasons that his sentences are unconstitutional.
>
> Even if Appellant's claims were properly preserved and are not procedurally barred for not having been raised in the first appeal, they are without merit. We rejected these same claims in Harris, and our sister courts have also rejected these claims. *See, e.g.*, Taylor v. State, 929 So. 2d 665 (Fla. 3d DCA 2006), *rev. denied*, 952 So. 2d 1191 (Fla. 2007); Wright v. State, 920 So. 2d 21, 25 (Fla. 4th DCA 2005), *rev. denied*, 915 So. 2d 1198 (Fla. 2005); Burnette v. State, 901 So. 2d 925, 927–28 (Fla. 2d DCA 2005). Accordingly, we affirm Appellant's convictions and sentences.

Williams v. State, 45 So. 3d 14, 15–16 (Fla. 1st DCA 2010), *rev. denied*, 53 So. 3d 1022 (Fla. 2011).

In the instant case, the parties do not dispute that the state courts adjudicated Petitioner's claims on the merits. Petitioner contends the state court's adjudication was (1) contrary to his clearly established constitutional rights as articulated by the United States Supreme Court, or (2) involved an unreasonable application of Supreme Court decisions on materially indistinguishable facts (doc. 2 at 25).

The court notes Petitioner's counsel propounds the same claims and arguments he propounded in Johnson v. Tucker, Case No. 4:11cv202/MMP/CAS, Petition and Memorandum (N.D. Fla. May 6, 2011). Chief Judge Rodgers rejected Petitioner's arguments as follows:

> The constitutionality of § 893.101 was decided in July 2012, by the Florida Supreme Court in State v. Adkins, 2012 WL 2848903 (Fla. July 12, 2012), in which the court upheld the constitutionality of the provision. In Adkins, the court examined the history of criminal statutes that omitted a scienter requirement and were nonetheless constitutional as compared to those statutes where the lack of scienter rendered them unconstitutional. The court explained that § 893.101 fell within the former because 1) it punished an affirmative act—possessing or delivering controlled substances—rather than merely a passive activity, such as simply being a felon present in a city more than five days; and 2) the provision did not threaten to chill otherwise protected activities, as would a law making possession of child pornography illegal without requiring knowledge of the age of the performers (under which a video seller could only feel safe selling movies he had reviewed ahead of time and so might decline to sell otherwise legal videos). On August 24, 2012, the Eleventh Circuit Court of Appeals [reviewed] Shelton v. Secretary, Department of Corrections, 802 F. Supp. 2d 1289 (M.D. Fla. 2011) and held that Adkins was not an unreasonable application of federal law. The district court in Shelton had determined that Fla. Stat. § 893.101 was facially unconstitutional because (1) its penalties are too harsh to allow omission of a mens rea requirement, (2) violations lead to substantial social stigma and so mens rea is required, and (3) it reaches inherently innocent conduct without a mens rea component. On appeal, the Eleventh Circuit found that the district court had failed to give the proper deference under the AEDPA to the state courts' adjudication of the issue. Specifically, the Eleventh Circuit held that the Florida Supreme Court's adjudication of the facial constitutionality of § 893.101 on the merits in Adkins was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." Shelton v. Sec'y, Dept. of Corrections, 691 F.3d 1348, 2012 WL 3641008 (August 24, 2012). The panel concluded that "nothing in the U.S. Reports decides or implies resolution of the novel issue of the Florida Act's constitutionality, and we cannot find Florida's adjudication to be unreasonable under AEDPA." *Id.* at \*5. The decision in Shelton is binding on this court and completely forecloses the claims brought by petitioner.

Johnson v. Tucker, No. 4:11CV202-MP-CAS, 2012 WL 4369775, at *1 (N.D. Fla. Sept. 25, 2012).[3]

For the reasons articulated by Chief Judge Rodgers, the undersigned concludes Petitioner failed to demonstrate he is entitled to relief under § 2254(d).

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

---

[3] Petitioner contends Shelton did not decide the alternative sentencing argument he raises in Ground Two; therefore, this court may consider the argument on a "clean slate" (*see* doc. 14 at 3–4). He further contends Morissette v. United States, 342 U.S. 246, 260 (1952) is the "clearly established federal law," for purposes of § 2254(d), that imposition of felony sentencing for an offense not requiring proof of mens rea violates due process (*id.* at 4–13). Petitioner's counsel asserted this sentencing argument in Johnson (*see* Johnson, Case No. 4:11cv202/MMP/CAS, Memorandum (N.D. Fla. May 6, 2011)), and the court rejected Johnson's claims (*see id.*, Order (N.D. Fla. Sept. 25, 2012)). Moreover, in Morissette, the Supreme Court held that omission from 18 U.S.C. § 641 of any mention of intent would not be construed as eliminating that element from the crimes set forth therein. 342 U.S. at 250. Morissette did not hold that the Due Process Clause forbids imposition of felony penalties for crimes analogous to those in Florida's Drug Abuse Prevention and Control Act, in which mens rea was partially eliminated as an element. Therefore, Petitioner has not shown that the state court's adjudication of his sentencing claim was contrary to or an unreasonable application of clearly established federal law.

Case No.: 5:12cv108/RS/EMT

At Pensacola, Florida, this 13<u>th</u> day of November 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:12cv108/RS/EMT